## Shoninger Bros., Appellant, *v.* J. M. Latimer.

*Set-off—Evidence—Question for jury.*

In an action to recover the price of goods, where defendant claims as a set-off the value of certain goods returned, the case is for the jury where an employee of defendant testifies that she packed the goods knowing them by their numbers, that the express company receipted for them, and tracers of the express company show that they had been actually returned.

In an action to recover the price of goods, where the defendant claims a reduction on account of their inferior quality, a judgment on a verdict for defendant will not be reversed because the court stated that the goods were paid for shortly after their arrival, which was in accord with a portion of defendant's testimony, but contrary to other parts of it.

Argued Oct. 23, 1894. Appeal, No. 51, Oct. Term, 1894, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., June T., 1891, No. 320, on verdict for defendant. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before COLLIER, J. The court charged as follows:

"Under our rules of court, the plaintiffs having filed their affidavit of claims, and set out the items, and the defendant not having by his affidavit denied the items, but set up a distinct defence by way of confession and avoidance, the plaintiffs' claim as sworn to in the affidavit, $94.25, is made out by a prima facie case. That is to say, unless the defendant makes out a defence to your satisfaction, you would find a verdict for

the plaintiff, because the bill is not disputed, the bill was right and he got the goods. Since the affidavit was filed, $39 was paid and tendered in the affidavit of defence. So the plaintiffs now would be entitled to your verdict for $55.25, unless you are satisfied that the defendant has made out its defence.

" Now, the bill is not denied by the defendant, but he says certain items were not as they should have been and were returned. The defendant must satisfy you of that. He got the plaintiffs' goods and it now devolves upon him to show there was something wrong with them. He cannot keep them and not pay for them; that would not be business here nor anywhere else; but he has a right to show what was the matter with them. He makes that claim, and gives you the items in his affidavit of the goods returned and reasons for it.

" Now, did he return these goods? Well, if you believe that evidence, it is pretty strong proof he did, because you have the young lady here who put them up, and who knows the numbers, and then they follow that by a receipt of the express company, and the tracers showing that the goods were actually returned. That is the one side; and on the other you have a denial. You determine that question, remembering Mr. Latimer must satisfy you they were returned.

" It is not necessary for me to go over the items of the returned goods; you have the items and can count it up. That is the first matter. If those goods were properly returned, they ought to come off this account. The defendant, in his affidavit, says those items amount to $64.50. If he has satisfied you on that point, you will allow that on the bill, and if it comes to more than the bill, the balance you certify to the defendant. If it comes to the same, you would find for the defendant. If it does not, you give the plaintiffs the balance left.

" Now, we come to the large item in the case, which is more important than the other. These black lace goods amount to $144.08, and those goods the defendant has now in his possession. He claims that he ought to have a reduction on those goods to at least what they were worth. [Now, it is undisputed that these goods were paid for shortly after they were delivered; he sent the money for them and got the discount. It is said they were only to be paid for when they were ap-

proved, and that he approved them.    Well, when he paid the
bill, he did not look at them to examine them.    His allegation
is that to get the discount he paid for them immediately.] [1]
Without anything else in the case, if you get a bill of goods on
approval or inspection, and you choose to pay for them and
send the money, you cannot recover that money back, unless
you show some good reason why, because you ought not to
have sent the money until the goods were approved.    Hence,
it devolves upon the defendant to satisfy you that the circum-
stances were such as would enable him to recover that money.
[He says that, by paying in a certain time, he got a discount,
and that afterwards he found out the goods were not as repre-
sented, and he immediately notified them; that the plaintiffs,
through their agent, agreed that they would make it all right,
and that they should stay there, they did not want them sent
back.    If he has satisfied you of that, he would be entitled to
a reduction for what was the reasonable worth of those goods,
and that is all there is about it.] [2]    You have the testimony
on both sides, and it raises a question for you business men to
determine."

Plaintiffs submitted orally the following point:

"Under all the evidence in the case, the defendant is not
entitled to his set-off."    Refused. [3]

Verdict and certificate for defendant for $115.27, and judg-
ment thereon.    Plaintiffs appealed.

*Errors assigned* were (1–3) instructions, quoting them.

*Jesse Lazear, Thos. C. Lazear* and *Chas. P. Orr* with him,
for appellant.—Where a charge clearly mistakes the evidence,
judgment will be reversed: R. R. v. Alvord, 128 Pa. 42;
McKelvy v. Ins. Co., 161 Pa. 279; Selser v. Roberts, 105 Pa.
242.

The consideration already given is exhausted by the transfer
of the property in the goods without a warranty, and there is
nothing to support the subsequent agreement to warrant, unless
a new consideration be given: Benj. Sales, ed. 1881, § 611;
Hogins v. Plympton, 11 Pick. 97; Whitaker v. Eastwick, 75
Pa. 229.

There is no implied warrant as to quality when the sale was

made upon inspection by the buyer. The very article bought was received. The rule is caveat emptor: Carson v. Baillie, 19 Pa. 375; Lord v. Grow, 39 Pa. 88; Fogel v. Brubaker, 122 Pa. 7; Boyd v. Wilson, 83 Pa. 319; Selser v. Roberts, 105 Pa. 242.

The acceptance, payment and retention by the vendee has the effect of a waiver of the quality: Thompson v. Libby, 35 Minn. 443; Locke v. Williamson, 40 Wis. 377; Olson v. Mayer, 56 Wis. 551.

This court held that where an option was given to purchase or return goods, fifty days' retention was a waiver of the right to return: Fink v. Krauss, 4 W. N. 356.

*Thomas M. Marshall, Jr., Frank P. Sproul* with him, for appellee.—Appellants' cases do not apply because the goods here were shipped upon approval and afterwards returned by special arrangement with plaintiffs under a new contract.

PER CURIAM, Jan. 7, 1895:

While the testimony, tending to sustain the items of set-off and counter-claim interposed by the defendant, was slight and in some respects very unsatisfactory, we cannot say it was insufficient to carry the case to the jury. There was therefore no error in refusing to charge: " That, under all the evidence in the case, the defendant is not entitled to his set-off." If the verdict was against the evidence, the plaintiff's remedy was exclusively in the court below.

When considered in connection with other parts of the charge, we think there is no error in the excerpt therefrom quoted in the second specification. The question therein referred to was one of fact, and as such it was submitted to the jury on all the testimony relating to the subject.

There appears to be nothing in that part of the charge covered by the first specification that would justify us in disturbing the judgment. The testimony tends to show that the goods spoken of were paid for, less the discount allowed, but whether they " were paid for shortly after they were delivered "—as the court said—or several months thereafter, does not so clearly appear from defendant's testimony. While part of his testimony is substantially in accord with the court's statement, other portions of it might perhaps justify the inference that

payment was not made for several months after delivery of the goods. But however that may be, in saying what he did, the learned judge could not have been understood as intending to instruct the jury as to the facts. He was careful to have them know that it was their exclusive province to determine the facts from all the testimony, and we have no doubt they so understood his instructions.

The carefully prepared and forcible argument of the learned counsel for plaintiffs has not convinced us that there is any error in the record that would warrant a reversal of the judgment.

Judgment affirmed.